FILED

MAR 05 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GEORGE E. JACOBS, IV, | No. 11-15269 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-01369-LJO-GBC |
| v. | |
| DIRECTOR OF THE CALIFORNIA DEPARTMENT OF CORRECTIONS; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted February 21, 2012[**]

Before: FERNANDEZ, McKEOWN, and BYBEE, Circuit Judges.

George E. Jacobs, IV, a California state prisoner, appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging that

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

unauthorized deductions from his inmate trust account for payment of his court filing fees violated his due process rights. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Nelson v. Heiss*, 271 F.3d 891, 893 (9th Cir. 2001), and we affirm.

The district court properly dismissed Jacobs's action because Jacobs had an adequate post-deprivation remedy under California law. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available."); *Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (per curiam) ("California [l]aw provides an adequate post-deprivation remedy for any property deprivations." (citing Cal. Gov't Code §§ 810-895)).

Jacobs's request for judicial notice is denied.

Jacobs's remaining contentions are unpersuasive.

**AFFIRMED.**

11-15269